IN IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Laura J. Bayne and Brett H. Bayne, | ) ) ) | C/A No.: 3:24-2456-MGL-SVH |
| Plaintiffs, | ) ) ) ) | |
| vs. | ) ) ) | REPORT AND RECOMMENDATION |
| Pamela Smith, Jane Doe 1, David Dean Westfere, Elsie Ramona Westfere, Keith Wayne Short, John Does 1–10, and UPay, Inc., doing business as Asset Retrieval & Investigations, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

In this case, Laura J. Bayne ("Laura") and Brett H. Bayne ("Brett") (collectively "Plaintiffs") allege that UPay, Inc., doing business as Asset Retrieval & Investigations, ("UPay"), and certain UPay employees/owners, conducted a "campaign of harassment" when they incorrectly identified Laura as someone who had stolen a vehicle from an Avis group rental car facility ("Avis") in December 2022. UPay and the employees/owners seek dismissal of certain claims Plaintiffs have asserted against them.

Plaintiffs originally filed their complaint in the Richland County Court of Common Pleas against UPay and the following UPay employees and/or owners: Pamela Smith, David Dean Westfere, Elsie Ramona Westfere, and

Keith Wayne Short (collectively "Defendants"). The case was removed to this court on April 24, 2024. [ECF No. 1]. Plaintiffs assert the following causes of action: respondeat superior/vicarious liability, defamation per se, negligence, negligence per se, negligent training/supervision, and violation of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-20 ("SCUPTA").

This matter comes before the court on Defendants' partial motion to dismiss. [ECF No. 9]. The motion having been briefed [ECF No. 16], it is ripe for disposition.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), this matter has been assigned to the undersigned for all pretrial proceedings. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends the district judge grant Defendants' motion.

I.     Factual and Procedural Background

The facts Plaintiffs alleged as relevant to the resolution of the instant motion are as follows: On or about December 15, 2022, Avis, located at 875 Mansell Road, Roswell, Georgia 30075, rented a 2021 Toyota 4Runner to an unknown individual who used the name "Laura Barth" and/or "Joanne Barth." [ECF No. 1-1 ¶ 12]. "Laura Joanne Barth" is Laura's maiden name and a name she has not used since 2011 when it was legally changed to

Laura Joanne Bayne. *Id.* ¶ 14. Laura has never used the name "Joanne Barth." *Id.* ¶ 15.

The unknown individual to whom Avis rented the 2021 Toyota 4Runner never returned the vehicle and presumably stole it. *Id.* ¶ 19. Avis contracted UPay to assist in the recovery of the vehicle. *Id.* ¶ 20.

Plaintiffs allege Defendants called Brett and informed him that his wife Laura had stolen a car and needed to return it. *Id.* ¶ 34. Additionally, Defendants called several members of Plaintiffs' family, friends, and/or professional colleagues to "coerce and shame Plaintiff(s) into returning a car they had never rented by explicitly or implicitly telling" these people that Laura had stolen a car from Avis. *Id.* ¶ 35. Defendants also surveilled and attempted to contact Plaintiffs in person in South Carolina. *Id.* ¶ 36. Plaintiffs allege that despite informing Defendants many times of the falsity of their statements, and providing the necessary proof, Defendants persisted in their "campaign of harassment." *Id.* ¶ 37.

II.    Discussion

A.    Standard on Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true,

to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards*, 178 F.3d at 244. Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion." *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

### B.   Analysis

At the outset, the court notes Defendants' motion to dismiss is untimely, having been filed after their responsive pleading to the complaint. *See* Fed. R. Civ. P. 12(b) ("A motion making any of these defenses shall be made before pleading if a further pleading is permitted."). The court nonetheless will address the merits of the motion as a motion for judgment on the pleadings as the appropriate pleading. *See* Fed. R. Civ. P. 12(h)(2).

#### 1.   Defamation Per Se

Defendants seek dismissal of Plaintiffs' second cause of action, defamation per se, as asserted by Brett, but not as asserted by Laura.

The tort of defamation allows a plaintiff to recover for injury to his reputation as the result of the defendant's communications to others of a false message about the plaintiff. *Holtzscheiter v. Thomson Newspapers, Inc.*,

506 S.E.2d 497, 501 (S.C. 1998). Under South Carolina law, to state a cause of action for defamation, a plaintiff must show the existence of some message that (1) is defamatory, (2) is published with actual or implied malice, (3) is false, (4) is published by the defendant, (5) *concerned the plaintiff*, and (6) resulted in legally presumed or in special damages. *Parker v. Evening Post Pub. Co.*, 452 S.E.2d 640, 644 (S.C. Ct. App. 1994) (emphasis added)). Malice and damages are presumed in the case where the defamation is actionable per se. *See Holtzscheiter*, 506 S.E.2d at 502; *see also id.* ("In other words, if the trial judge can legally presume, because of the nature of the statement, that the plaintiff's reputation was hurt as a consequence of its publication, then the libel is actionable per se. Essentially, all libel is actionable per se.") (citations omitted)).[1]

In pleading defamation per se, Plaintiffs allege that they were both defamed by Defendants; however, the defamatory statement identified is "that Plaintiff Laura J. Bayne had stolen a car from Avis." [ECF No. 1-1 ¶¶ 35, 50–51 ("Plaintiff Brett H. Bayne was implicated in such false and defamatory statements because of his marriage to Plaintiff Laura J. Bayne")].

Defendants argue that "South Carolina courts have not held that defamatory statements against one spouse may be implicated to another

---

[1] Slander is a spoken defamation, while libel is a written defamation or one accomplished by actions or conduct.

spouse merely because of their marriage," nor have Plaintiffs alleged that Defendants, in making their allegedly defamatory statements, indicate Brett "stole a vehicle, was complicit in the theft of a vehicle, committed an ethical violation that would subject him to professional disciplinary action, or committed any other wrongdoing that might be construed as a criminal act or tending to show Plaintiff Brett H. Bayne's unfitness in his profession." [ECF No. 9 at 2–3].

In response, Plaintiffs reference their complaint that alleges generally, for example, that "Defendants' statements about Plaintiffs were false and defamatory" [ECF No. 16 at 5], but otherwise do not address Defendants' arguments nor identify where in the complaint Plaintiffs have alleged a specific defamatory statement made by Defendants about Brett.

Plaintiffs' allegations are insufficient to maintain a claim for defamation per se against Defendants as to Brett. A claim for defamation must state the alleged defamatory statement(s) as well as the "time, place, medium, and listener of the alleged defamatory statements." *Gentry v. Bioverativ U.S. LLC*, C/A No. 2:19-0873-MBS, 2019 WL 3802476, at *9 (D.S.C. Aug. 13, 2019) (citation omitted). Here, Plaintiffs have not identified the alleged defamatory statements made by Defendants about Brett.

Accordingly, the undersigned recommends the district judge grant Defendants' motion and dismiss Brett's claim for defamation per se.

6

## 2. Negligence Per Se

Defendants next seek dismissal of Plaintiffs' sixth cause of action, negligence per se, as to both Plaintiffs.

Plaintiffs allege that Defendants violated S.C. Code Ann. § 16-3-1700, also called Mary Lynn's Law, and that, "[i]n South Carolina, if a party violates a statute, it is considered negligence per se." [ECF No. 1-1 ¶¶ 65–66, 68 ("Plaintiffs are also informed and believe Defendants conduct violates the Private Security Act (Chapter 1702, Texas Occupations Code) and other Texas law regulating private investigators.")]. Defendants argue, however, that South Carolina courts do not recognize a cause of action for negligence per se in which a defendant is alleged to have violated S.C. Code Ann. § 16-3-1700 or a statute enacted by another state's legislature. [ECF No. 9 at 4].

"Negligence per se is established by showing a statute created a duty to the plaintiff and the defendant breached that duty by violating the statute." *Seals by Causey v. Winburn*, 445 S.E.2d 94, 96 (S.C. Ct. App. 1994).[2] To

---

[2] The South Carolina Supreme Court has held that "[t]o establish a claim for negligence per se," a plaintiff must demonstrate either that the defendant "owed him a common-law duty of care" or "that the legislature created a private right of action" in the relevant statute. *Denson v. Nat'l Cas. Co.*, 886 S.E.2d 228, 231 (S.C. 2023). Here, the parties argue only as to whether the legislature created a private right of action in the relevant statute. *See id.* at 232 ("Here, Denson's counsel conceded at oral argument that the threshold inquiry is whether section 61-2-145 gives rise to a private right of action. We take this to mean he admits the insurance company owes no common-law duty to an injured third-party under these facts . . . .").

establish that a duty of care arises from a statute, a plaintiff must show: "(1) the essential purpose of the statute is to protect from the kind of harm the plaintiff has suffered; and (2) that [the plaintiff] is a member of the class of persons the statute is intended to protect." *Wogan v. Kunze*, 623 S.E.2d 107, 117–18 (S.C. Ct. App. 2005) (quoting *Rayfield v. S.C. Dep't of Corr.*, 374 S.E.2d 910, 914–15 (S.C. Ct. App. 1988)).

"The main factor in determining whether a statute gives rise to a private cause of action is legislative intent, which is determined primarily from the language of the statute." *Denson*, 886 S.E.2d at 233 (citations omitted)). "In this respect, the general rule is that a statute which does not purport to establish a civil liability, but merely makes provision to secure the safety or welfare of the public as an entity is not subject to a construction establishing a civil liability." *Whitworth v. Fast Fare Markets of S.C., Inc.*, 338 S.E.2d 155, 156 (S.C. 1985) (quoting 73 Am. Jur. 2d, Statutes § 432 (1974)); *see also Denson*, 886 S.E.2d at 233 ("Generally, when a statute does not expressly create civil liability, a duty will not be implied unless the statute was enacted for the special benefit of a private party.").

"Generally, there is no private cause of action under criminal statutes." *Heard v. Fed. Bureau of Investigation*, C/A No. 9:18-1743-HMH-BM, 2018 WL 4926459, at *2 (D.S.C. Sept. 12, 2018), report and recommendation adopted, 2018 WL 4915825 (D.S.C. Oct. 10, 2018); *see also Doe v. Broderick*,

225 F.3d 440, 447–48 (4th Cir. 2000) ("The Supreme Court historically has been loath to infer a private right of action from a 'bare criminal statute' because criminal statutes are usually couched in terms that afford protection to the general public instead of a discrete, well-defined group.") (quoting *Cort v. Ash*, 422 U.S. 66, 80 (1975)).

In S.C. Code Ann. § 16-3-1700 *et seq.* are state criminal statutes defining and penalizing harassment and stalking. Here, Plaintiffs have failed to allege any facts showing a duty of care arose from these statutes. Instead, as recognized by this court, "while there is a criminal statute [in South Carolina] which prohibits harassment or stalking, this statute does not create an implied private right of action." *Nelson v. Sci. Applications Int'l Corp.*, C/A No. 2:11-2928-PMD, 2013 WL 764664, at *10 (D.S.C. Feb. 7, 2013) (collecting cases)), report and recommendation adopted, C/A No. 2:11-2928-PMD, 2013 WL 754834 (D.S.C. Feb. 27, 2013).[3]

Accordingly, the undersigned recommends the district judge grant Defendants' motion and dismiss Plaintiffs' claim for negligence per se.[4]

---

[3] Plaintiffs have made no argument nor cited any case law, nor is the court aware of any, in support of their position that a negligence per se claim can be based on allegations that Defendants violated a statute enacted by another state's legislature.

[4] In their opposition to Defendants' motion to dismiss, Plaintiffs state "[i]f the Court determines that the Complaint is deficient in some matter as to any of the causes of action as alleged in the Motion, this Court should grant Plaintiff(s) leave to amend the Complaint to address any deficiency." [ECF

III.    Conclusion

For the foregoing reasons, the undersigned recommends the district judge grant Defendants' motion, dismissing Plaintiffs' claim for defamation per se as asserted by Brett and Plaintiffs' claim for negligence per se in full. [ECF No. 9].

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

August 20, 2024                              Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation.**

---

No. 16 at 3–4]. To the extent Plaintiffs seek to amend their complaint, they should file a motion to amend consistent with the Federal Rules of Civil Procedure.

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).