

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| LAURA J. BAYNE and BRETT H. BAYNE, § | |
| Plaintiffs, § | |
| § | |
| vs. § | CIVIL ACTION NO. 3:24-2456-MGL-SVH |
| § | |
| PAMELA SMITH, JANE DOE 1, DAVID § | |
| DEAN WESTFERE, ELSIE RAMONA § | |
| WESTFERE, KEITH WAYNE SHORT, § | |
| JOHN DOES 1–10, and UPAY, INC., § | |
| *doing business as Asset Retrieval* § | |
| *& Investigations*, § | |
| Defendants. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS**

Plaintiffs Laura J. Bayne and Brett H. Bayne (Brett) (collectively, the Baynes) filed this lawsuit against Defendants Pamela Smith, Jane Doe 1, David Dean Westfere, Elsie Ramona Westfere, Keith Wayne Short, John Does 1–10, and UPay, Inc., doing business as Asset Retrieval & Investigations (collectively, Defendants). The Baynes bring the following claims against Defendants: respondeat superior/vicarious liability, defamation per se, negligence, negligence per se, negligent training/supervision, and violation of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-20.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court Defendants' partial motion to dismiss be granted and the Baynes claim for defamation per se, as asserted by Brett, and the Baynes' claim for

negligence per se, in full, be dismissed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 20, 2024, but the Baynes failed to file any objections to the Report. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. It is therefore the judgment of this Court Defendants' partial motion to dismiss is **GRANTED** and the Baynes claim for defamation per se, as asserted by Brett, and the Bayne's claim for negligence per se, in full, is **DISMISSED.**

**IT IS SO ORDERED**.

Signed this 9th day of September, 2024, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.